Chen v. Holder

BIA
A089 099 436

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of October, two thousand thirteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           RICHARD C. WESLEY,
>           DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

_____

YAN CHEN, AKA YAN ZHEN CHEN,
>           *Petitioner*,

>           v.                                        12-4119
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Yevgeny Samokhleb, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Holly F. Smith, Senior Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Chen, a native and citizen of the People's Republic of China, seeks review of a September 28, 2012, decision of the BIA denying her motion to reopen. *In re Yan Chen*, No. A089 099 436 (B.I.A. Sep. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is well established that the BIA may deny an alien's motion to reopen for failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish eligibility for asylum, an applicant, like Chen, who does not rely on past persecution must demonstrate an objectively reasonable well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An asylum applicant can demonstrate

that a fear of future persecution is objectively reasonable by either: (1) offering evidence that "she would be singled out individually for persecution"; or (2) "by proving the existence of a pattern or practice in [] her country of nationality of persecution of a group of persons similarly situated to the applicant."  8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2).

Chen argues that she established a well-founded fear of future persecution because the Chinese police are aware of her pro-democracy activities in the United States and because Chinese citizens who have engaged in pro-democracy activities in the United States have been persecuted for those activities when they returned to China.

First, the BIA did not err in finding that Chen's evidence, that the police had come looking for her at her family's home in China, was unreliable and insufficient to meet her burden.  The evidence was from interested parties not subject to cross examination who did not have first-hand knowledge of the events, and appeared to have been prepared for the purpose of litigation.  *See In re H-L-H & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010) (affording diminished weight to unsworn letters from the alien's friends and family because

3

they were from interested witnesses not subject to cross-examination and appeared to be created for the purpose of litigation), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence lies largely within the discretion of the agency).

Furthermore, the BIA reasonably determined that Chen's evidence purporting to establish a pattern or practice of persecution of similarly situated individuals was insufficient to warrant reopening. First, her evidence that pro-democracy activists *in China* were persecuted for their anti-government demonstrations was not directly relevant to Chen's assertion that she would be persecuted for her activities in the United States. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be based on new evidence *material* to the movant's eligibility for asylum). *Id.* at §§ 1208.13(b)(2), 1208.16(b)(2) (providing that, to establish an objective basis for a fear of future persecution, evidence of a pattern or practice of persecution must involve a group of persons "similarly situated to the applicant"). Second, her evidence that two

4

individuals were detained for activities outside of China in 2002 and 2008 was insufficient to show a nationwide pattern or practice of persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming the agency's conclusion that record evidence that only showed localized violence was insufficient to establish a pattern or practice of persecution countrywide). Because Chen failed to meet her burden of showing a realistic chance of demonstrating a well-founded fear of persecution, she "necessarily fail[ed] to demonstrate" her higher burdens of proof for withholding of removal and Convention Against Torture ("CAT") protection. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

Accordingly, the BIA did not abuse its discretion when it denied Chen's motion to reopen based on her failure to demonstrate her *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168 (2d Cir. 2008)(noting that an alien has a "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in her case" (quoting *Abudu*, 485 U.S. at 110)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk